# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2493 | **DATE** | June 11, 2012 |
| **CASE TITLE** | Larry Banks (2011-0711085) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Larry Banks' motion in which he informs the Dourt that he has three strikes under 28 U.S.C. § 1915(g) and requests to proceed as an inmate in imminent danger [#3] is denied. Even if Plaintiff satisfies the imminent danger requirement of § 1915(g), he must file an *in forma pauperis* application. Additionally, the Court dismisses Plaintiff's complaint without prejudice to submission of an amended complaint in accordance with this order. To proceed with this case, Plaintiff must, by no later than July 11, 2012, do the following: (1) prepay the $350 filing fee or submit a properly completed IFP application, and (2) submit a proposed amended complaint. Plaintiff's failure to comply with this order in timely fashion will result in the dismissal of this case. Finally, the Court denies Plaintiff's motion for the appointment of Kirkland & Eillis to represent him [#4].

■[ For further details see text below.]                                           Docketing to mail notices.

## STATEMENT

Plaintiff Larry Maurice Banks has at least three strikes under 28 U.S.C. § 1915(g). *See Banks v. People of Illinois*, No. 07 C 547 (N.D. Ill. Aug. 16, 2007) (J. Guzman); *Banks v. People of Illinois*, No. 07-3049 (7th Cir. Dec. 26, 2007); *Banks v. Dart*, No. 07 C 2926 (N.D. Ill. Oct. 16, 2007) (J. Filip); *Banks v. Hadel,* No. 09 C 1299 (N.D. Ill. May 18, 2009) (J. Gottschall). He has filed a lawsuit asserting inadequate treatment procedures at the Cook County Jail for inmates with asthma. He names as Defendants Cook County, Sheriff Tom Dart, Dr. Muhammad, Dr. Patel, and Nurse Price. Although Plaintiff notifies the Court that he has three strikes under § 1915(g), as he is required to do, *see Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), and although he states that he is in imminent danger of serious physical harm, which he must demonstrate to proceed *in forma pauperis*, he has submitted no *in forma pauperis* application. Even if Plaintiff satisfies the imminent danger requirement of § 1915(f), because he is an inmate, Plaintiff must nonetheless either prepay the $350 filing fee or submit a completed *in forma pauperis* application to allow him to pay the fee through monthly deductions of his prison trust fund account. Section 1915(g)'s imminent danger requirement allows an inmate to proceed *in forma pauperis*, but it does not excuse the filing fee. Plaintiff is thus given until July 11, 2012 to prepay the $350 filing fee or submit a properly completed *in forma pauperis* application. His failure to do so will result in dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

Additionally, Plaintiff's complaint does not state a valid constitutional claim. Although Plaintiff states in his imminent-danger motion that Nurse Price and Dr. Patel have refused to schedule him for treatment of his asthma, his complaint, which describes his claims in greater detail, does not state a claim with respect to the treatment of his asthma. As for his claims against the County and supervisory officials, Plaintiff asserts only general complaints that Cermak Hospital is over a mile away from where inmates are housed and there is no closer place for treatment of asthma. He describes no incident in which he was denied treatment because of a lack of closer onsite place for treatment. *See Garvin v. Armstrong*, 236 F.3d 896, 898-99 (7th Cir. 2001) (a general challenge to the method a jail treats asthmatic inmates is insufficient to state a § 1983 claims; rather, Plaintiff

**STATEMENT**

must demonstrate that "jail policy is so medically unreasonable that it rises to the level of deliberate indifference").

With respect to the Defendant doctors and nurse, Plaintiff states that his requests for weekly appointments to monitor his condition have been refused; his asthma is getting worse; and he had an asthma attack while in segregation and was forced to use an inhaler from another inmate. (Compl. at 4-5.) Plaintiff does not allege that he has been denied treatment for his asthma. Rather, what he describes is one occasion when he had an asthma attack and did not himself have an inhaler, and a difference of opinion about the regularity of appointments (he would like weekly appointments, while the jail's medical staff indicates that less frequent visits are sufficient).

To establish a constitutional violation a plaintiff must show that he had a serious medical need and that the defendant was deliberately indifferent to it. *Estelle v. Gamble*, 429 U.S. 97 (1976). Without considering at this time whether Plaintiff's asthma constitutes a serious medical condition, he has not alleged that Defendants have acted with deliberate indifference. A difference of opinion as to how a condition should be treated, which is all Plaintiff alleges with respect to the individual Defendants, does not give rise to a constitutional violation. *Garvin*, 236 F.3d at 898. In *Garvin*, the Seventh Circuit addressed similar claims against the DuPage County Jail, where inmates were not allowed to keep inhalers and had to ask medical personnel to use one. Where inmates had ready access to inhalers upon request, no deliberate indifference existed. *Id.* at 898-99. Plaintiff's claims similarly raise general challenges to the jail's method of treating inmates with asthma, but he describes only his objection to there not being closer locations to treat asthma, the refusal to provide him with weekly medical visits, and one instance when he had an asthma attack and borrowed an inmate's inhaler. These allegations do not state a constitutional claim of deliberate indifference. *See Estelle*, 429 U.S. at 102-04; *Garvin*, 236 F.3d at 898-99.

Accordingly, the Court dismisses Plaintiff's complaint. If Plaintiff wants to proceed with this case, he must, by July 11, 2012, order, do the following: (1) resolve the filing fee issue by prepaying the $350 filing fee or submitting a properly completed IFP application and demonstrating that he is in imminent danger of serious physical injury, and (2) submit a proposed amended complaint that states a valid constitutional claim. If Plaintiff does not comply in timely fashion, the Court will dismiss this action. Furthermore, as Plaintiff has been advised on several previous occasions, an amended complaint replaces a previously filed complaint and must be a complete and self-contained document that stands on its own. In other words, the Court will refer only to the amended complaint when determining the claims and Defendants of this suit, and Plaintiff may not refer to or incorporate allegations from other filings. Plaintiff must submit a judge's copy and a service copy for each Defendant of any proposed amended complaint. If Plaintiff submits a proposed amended complaint, the Court will evaluate it as required by law.