# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2493 | **DATE** | August 13, 2012 |
| **CASE TITLE** | Larry Banks (2011-0711085) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's first amended complaint sufficiently alleges that he is in imminent danger of serious physical injury, so the Court grants his current motions to proceed *in forma pauperis* [7, 8]. The Court assesses an initial partial filing fee of $20.76 and orders the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff may proceed with his amended complaint against Dr. Patel, Dr. Muhammad, and Nurse Price, and the Clerk shall issue summonses for service of the amended complaint [9] on these Defendants. Any other Defendants listed in Plaintiff's complaint or amended complaint are dismissed. Defendants may challenge the Court's 28 U.S.C. § 1915(g) determination if evidence demonstrates that the finding of imminent danger is unwarranted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Larry Maurice Banks has submitted an amended complaint and an *in forma pauperis* application in accordance with the Court's June 11, 2012, order. That order noted that Banks has at least three strikes under 28 U.S.C. § 1915(g). *See Banks v. People of Illinois*, No. 07 C 547 (N.D. Ill. Aug. 16, 2007) (J. Guzman); *Banks v. People of Illinois*, No. 07-3049 (7th Cir. Dec. 26, 2007); *Banks v. Dart*, No. 07 C 2926 (N.D. Ill. Oct. 16, 2007) (J. Filip); *Banks v. Hadel,* No. 09 C 1299 (N.D. Ill. May 18, 2009) (J. Gottschall). Therefore, to proceed with a suit in federal court, he must either pre-pay the filing fee or show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). His original complaint did not show imminent danger and did not even state a viable claim, as Banks raised only general objections to the manner the jail treats inmates with asthma (he alleged that he was not able to keep an inhaler; that his cell was too far from the health unit; and that his check-ups were not as often as he liked). *See Garvin v. Armstrong*, 236 F.3d 896, 898-99 (7th Cir. 2001) (general challenges to jail's method of treating asthmatic inmates is insufficient to state a § 1983 claim).

     Banks has how filed an amended complaint and a completed IFP application. Banks now specifically alleges that he is an asthmatic but not getting his asthma medication at all. He says he has requested his medication from Nurse Price and Dr. (or Physician's Assistant) Patel on several occasions; he has submitted emergency grievances; but he has not received his medication. He says that he spoke to Dr. Muhammad about not getting his asthma medication, but Dr. Muhammad stated that there was nothing he could do.

     "Imminent danger" requires a "real and proximate" threat to an inmate's health or safety. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are insufficient; rather, "the harm must be imminent or occurring at the time the complaint is filed." *Id.* Taking Banks' allegations as true, as required at this point of the lawsuit, he sufficiently asserts imminent danger. *Id*. at 330 (discontinuing medication for panic attacks and experiencing such attacks at the time the suit was filed satisfied the imminent-danger requirement). Banks' allegations that he is a chronic asthmatic but has received no asthma medication, that he has submitted emergency grievances to obtain his medication, and that he has had an asthma attack during which he had to

**STATEMENT**

borrow an inhaler from another inmate, sufficiently reflect imminent danger of serious physical injury. Accordingly, the Court grants Plaintiff's IFP application and will allow him to proceed with his amended complaint against Dr. Patel, Nurse Price, and Dr. Muhammad. Tom Dart and Cook County, as well as any other supervisory official, are dismissed as Defendants, as Banks' allegations do not indicate a "jail policy is so medically unreasonable that it rises to the level of deliberate indifference," *see Garvin*, 236 F.3d at 898-99, but instead describe a situation specific only to Banks. The Clerk shall therefore issue summonses for service of the amended complaint only on Defendants Dr. Patel, Nurse Price, and Dr. Muhammad.

Once the Defendants enter an appearance, if they dispute the Court's the finding of imminent danger, they may seek reconsideration of that finding by offering evidence that Banks has not been denied his asthma medication or has suffered no serious asthma attacks. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 323 at n.7 (3rd Cir. 2001) (a court should accept well pleaded allegations in a complaint as true when addressing the imminent-danger requirement of § 1915(g), but may revisit the issue after the appearance of defendants).

The Court assesses an initial partial filing fee of $20.76. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Clerk shall issue summonses for service of the amended complaint on Defendants Dr. Patel, Dr. Muhammad, and Nurse Price. The U.S. Marshal is directed to serve them. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of defendants. If any one Defendant is no longer associated with Cook County Jail, officials there shall provide the Marshal with the Defendant's last known address, which will be used only for serving the Defendant and which shall not be kept in the court's record. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, he must attempt to serve Defendants personally.

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to the Defendants, or to their attorney, after one enters an appearance for them. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.