IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY M. BANKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 12 C 2493 |
| DR. MUHAMMAD, NURSE PRICE, and NURSE PATEL, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Larry Banks filed this *pro se* lawsuit in April 2012. At the time, Banks was a pretrial detainee at the Cook County Jail. He alleged inadequate treatment for a medical condition, specifically asthma. Banks advised the Court that he had "struck out" pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), due to dismissals of prior lawsuits, but he contended that he was in "imminent danger of serious physical harm" and thus should be allowed to proceed *in forma pauperis* (*i.f.p.*). The Court noted in an initial order that Banks still needed to file an *i.f.p.* application, and the Court also found his complaint deficient. *See* Order of June 11, 2012 (dkt. no. 6).

In July 2012, Banks filed an amended complaint, an *i.f.p.* application, and a motion seeking a finding that he could proceed under section 1915(g)'s imminent danger provision. Banks's *i.f.p.* application, received by the clerk on July 5, 2012, stated that during the previous twelve months, he had not received more than $200 from any

of a number of listed sources, including gifts, or from "Any other sources," a catch-all category at the conclusion of the list of sources of funds. Banks signed the form under penalty of perjury, on June 29, 2012.

The Court found that Banks had sufficiently alleged that he was in imminent danger of serious physical injury and granted his *i.f.p.* motion, finding it sufficient. The Court also found Banks's amended complaint sufficient to allow him to proceed against three defendants, whom he identified as Dr. Patel, Dr. Muhammad, and Nurse Price. *See* Order of Aug. 13, 2012 (dkt. no. 10).

Once the defendants were served with summons, they moved for reconsideration of the Court's imminent danger finding, providing medical records that they argued established that Banks had received his asthma medication regularly (even if not 100 percent of the time) and had no recent asthma attacks. The Court found that "the record demonstrates that there was no 'real and proximate' threat of continuing or future injury and no 'genuine emergenc[y],' and this was not a situation in which 'time [was] pressing' at the time Banks filed suit." Order of Dec. 14, 2012 (dkt. no. 35). The Court concluded that defendants had demonstrated "that Banks' claim that he was in imminent danger at the time he filed suit was false." *Id.* As a result, the Court ordered Banks to pay the remainder of the filing fee in full by a date certain or face dismissal of his lawsuit without prejudice for failure to pay the filing fee. Banks paid the remainder of the filing fee – $320.99 – a little under three weeks later, on January 2, 2013. The case then proceeded ahead.

In March 2013, in Case No. 12 C 5726, a separate case that Banks had filed against personnel at the Cook County Jail, the Court entered an order on its own

motion, directing Banks to show cause why his *i.f.p.* status in that case should not revoked. The Court relied in part on Banks' prompt payment of the full filing fee in this case. The Court stated, in relevant part, as follows:

> This District's Local Rule 40.3(b)(1) requires all of Petitioner's conditions of confinement cases to be assigned to this Court. The Court's recent experience with Plaintiff's other conditions of confinement cases has [led] the Court to reexamine its IFP ruling in this case.
>
> In this case, to support his IFP petition, Plaintiff claimed that he was impoverished. (Dkt. No. 5). His jail trust fund account ledger attached in support of his IFP motion showed that his account contained only a few dollars and had $780 in deposits in the six months leading up to the filing of the present case. (Dkt. No. 5). Plaintiff had spent the money at the jail commissary, depleting the account. Plaintiff did not disclose any other assets.
>
> Despite the claim of poverty, a review of the docket shows that Plaintiff was able to pay the $350 filing fee in three other cases, Banks v. Cook County, No. 11 C 6113 (N.D. Ill.), Banks v. Cook County, No. 12 C 2341 (N.D. Ill.), Banks v. Cook County, No. 12 C 3833 (N.D. Ill.). These fee payments were made at the same time that Plaintiff was representing in this case that he was impoverished and lacked any assets to pay the filing fee. In addition, Plaintiff recently paid the full filing fee in Banks v. Muhammad, No. 12 C 2493 (N.D. Ill.). It thus appears that Plaintiff has a source of income that he is using to pay filing fees that is not disclosed on his jail trust fund account ledger and that he did not disclose on the IFP application that he filed in this case. The Court is inclined, based on this evidence, to revisit its IFP ruling and revoke Plaintiff's IFP status on the ground that he is able to pay the filing fee in this case. The Court therefore orders Plaintiff to cause why his IFP status should not be revoked.

*Banks v. Kilder*, No. 12 C 5726, Order of Mar. 20, 2013.

On April 29, 2013, after Banks had responded to the Court's order in Case No. 12 C 5726, the Court issued a decision in which it dismissed the case with prejudice due what the Court concluded was Banks' fraud on the Court. *See Banks v. Cook County Municipality*, No. 12 C 5726, 2013 WL 1828900 (N.D. Ill. Apr. 29, 2013). The Court reaffirms and adopts that decision in full.

3

In its decision dismissing Case No. 12 C 5726. the Court summarized as follows Banks's response to the Court's order to show cause in that case:

> In response to the Court's March 20, 2013 order directing him to show cause why his IFP status should not be revoked, Mr. Banks explained his payment of these fees as follows:
>
>> Plaintiff gives the reason why he's able to pay the above IFP (in forma pauperis application), and the reason why he's able to survive while incarcerated in Cook County Jail, because of the Moorish Science Temple of America, Inc. giving Plaintiff gifts.
>
> Pl.'s Resp. at 1.  Mr. Banks says that he is a "grand sheik" of the Moorish Science Temple, "better known as the United Nuwaubian Nation of Moors," and that as such "his duty is to teach Islamism." *Id.* Mr. Banks says that he is not paid a fee for this but does "receive gifts from the grand governor" of the Temple. *Id.* at 2.  He says that "I don't not [sic] know when he's or she's going to send them, because they never tell me anything." *Id.* Mr. Banks further states that "I inform the Nation about my litigating cases.  The Temple is able to do their own research by google [sic] my name Larry M. Banks, and see what I'm doing, the next thing I know is I receive money.  These individuals have pay [sic] many things for me." *Id.*
>
> Mr. Banks states in his response to the show cause order that "[t]he reason why I didn't disclose anything about the Nation, because, they give me gifts.  A gift is a gift.  According to the IRS laws a person can receive a gift, and it doesn't have to be reported. I have done nothing wrong." *Id.* Mr. Banks specifically affirms in his letter that the Moorish Science Temple paid the amount due pursuant to the Executive Committee's order, as well as, significantly, the fees in the four cases identified by this Court in its March 20, 2013 order (Case Nos. 11 C 6113, 12 C 2341, 12 C 3833, and 12 C 2493). *Id.* at 2–3.

*Id.* at *2.

The Court then reviewed the relevant facts.  It noted that Banks had signed his IFP application in Case No. 12 C 57261 on July 23, 2012.  The Court further noted that three of the filing fees that Banks had referenced in his show cause response were paid during the twelve months before that date, specifically, the $350 filing fees in Case No. 11 C 6113 (paid January 18, 2012), Case No. 12 C 2341 (paid March 29, 2012), and

Case No. 12 C 3833 (N.D. Ill.) (paid July 9, 2012). *Id.* at *3. Based on those facts, the Court found that it was "clear" that Banks's sworn *i.f.p.* application in Case No. 12 C 5726 "was false. He concealed, and did not disclose, the gifts that he now says he received from the Moorish Science Temple during the relevant period to pay the filing fees in those cases." *Id.*

The Court concluded that Banks "has been caught in a lie. He submitted a false IFP form despite being warned in writing that it was submitted under penalty of perjury and that if the form was false, his case would be dismissed." *Id.* The Court went on to state that "the fact that Mr. Banks has since paid the filing fee in the present case does not excuse his fraud," *id.*, and determined as follows:

> The Court is required to dismiss a suit when the allegations made in an IFP application are false. *See* 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Dismissal of the case with prejudice is appropriate, because Mr. Banks fraudulently attempted to conceal assets in hope of avoiding the required filing fee. *See Thomas*, 288 F.3d at 306–07; *Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011) (explaining that it is appropriate to dismiss a suit with prejudice for fraudulent conduct).

*Id.* The Court therefore dismissed the case with prejudice.

Virtually the same circumstances that the Court found to warrant dismissal in Case No. 12 C 5726 exist in the present case. As indicated earlier, Banks's *i.f.p.* application in the present case was filed just a little over three weeks before his *i.f.p.* application in Case No. 12 C 5726 that the Court found fraudulent. In his application in the present case, Banks stated under oath that he had not received more than $200 in the previous twelve months, whether from employment, from gifts, or from any other sources. These statements were just as false in the present case as they were in Case No. 12 C 5726.

The Court relied on Banks's false statements when it granted his *i.f.p.* application in August 2012. The fact that the Court later revoked his *i.f.p.* status and required him to pay the filing fee is of no consequence – just as it was of no consequence in Case No. 12 C 5726 that Banks had ultimately paid the filing fee. In the present case, just as in Case No. 12 C 5726, Banks fraudulently concealed assets in the hope of avoiding the required filing fee, and he succeeded – if only for a matter of a few months.

Banks argues, as he did in Case No. 12 C 5726, that he made an honest mistake and that he did not intend to defraud the Court. That explanation does not hold water. It requires the Court to accept the proposition that Banks, a very experienced *pro se* litigant who has filed numerous documents in cases he filed in this district, did not read not one, but two very important forms that he signed under the penalty of perjury. Banks quite clearly knew the importance of the *i.f.p.* form in this case, because the Court said in its June 11, 2012 order that the form's completion was required before he could proceed in the case. Given these circumstances, the Court does not accept Banks's contention that he simply made a mistake.

The Court further notes that this is not the only false representation that Banks made to the Court in this case. As the Court previously found, his claim that he was in imminent danger at the time he filed suit was also false. *See* Order of Dec. 14, 2012.

In sum, Banks committed a fraud on the Court in this case. The Court is required to dismiss a suit when the allegations made in an *i.f.p.* application are false. *See* 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Dismissal with prejudice is appropriate, because Banks fraudulently attempted to conceal assets in the hope of avoiding payment of the required filing fee.

6

*See Thomas*, 288 F.3d at 306-07; *Hoskins v. Dart*, 633 F.3d 541, 542-44 (7th Cir. 2011) (explaining that it is appropriate to dismiss a suit with prejudice for fraudulent conduct).

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss [dkt. no. 51] and directs the Clerk to enter judgment dismissing this case with prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  October 15, 2013